THE STATE, J. SHERMAN ZELIFF, PROSECUTOR, v. THE GRAND LODGE OF NEW JERSEY, KNIGHTS OF PYTHIAS.

THE SAME v. HENRY CLAY LODGE, No. 45, KNIGHTS OF PYTHIAS.

1. *Mandamus* is the appropriate remedy to effect the restoration of a member of a private corporation who has been irregularly removed from membership.

2. In determining whether courts will take jurisdiction, a distinction must be observed between cases in which the association subjects its members to discipline for immoral conduct, or for violation of the rules of the order, and those instances in which the member appeals to the courts to secure property rights or to enforce money demands.

3. In regard to matters of discipline, the courts will not interfere against the decision of a club professing to act under its rules, unless it can be shown either that the rules are contrary to natural justice, or that what has been done is contrary to the rules, or that there has been *mala fides* or malice in arriving at the decision, or refusal to give the member a hearing.

4. When there is an appeal to a superior body within the organization, that remedy must be exhausted before the aid of the law court can be invoked.

5. The fact that the body within the organization to which the appeal must be taken is a corporation of another state does not change the rule. The presumption is that such appellate body will do justice between the parties.

6. If, after review in the supreme lodge, there remains in the proceedings and judgment against the relator any such illegality as will give him a standing in this court, he may sue for relief, and the association now defendant will still be within the reach of the mandatory writ.

On application for *mandamus*.

Argued at February Term, 1891, before Justices DEPUE, VAN SYCKEL and SCUDDER.

For the relator, *Hayes & Lambert*.

For the defendants, *Voorhees & Cotter*.

The opinion of the court was delivered by

VAN SYCKEL, J. The Grand Lodge of New Jersey, Knights of Pythias, is a corporation organized under the laws of New Jersey. The Henry Clay Lodge, No. 45, Knights of Pythias, is an unincorporated company and voluntary association, consisting of more than seven persons, organized for social, charitable and benevolent purposes, organized under a charter granted to it by the said Grand Lodge. The Grand Lodge has appellate jurisdiction over the subordinate lodges, and an appeal lies from the Grand Lodge to the Supreme Lodge of the Knights of Pythias, which is a corporation organized under the laws of the District of Columbia. The regular weekly benefits paid by Henry Clay Lodge to sick members in good standing are $6 per week. In the month of June, 1889, the relator was a member in good standing. During that month the relator was charged with entering into a conspiracy with certain other members of the association to black-ball, without cause, all applicants for admission, and thereby prevent an increase of the membership. In execution of this corrupt agreement, it was alleged that the relator did subsequently black-ball an applicant for membership without any just reason.

The result of the trial before the Henry Clay Lodge was that the relator was found guilty, and suspended from the lodge for the term of ninety-nine years. The relator thereupon appealed to the Grand Lodge, which dismissed his appeal and affirmed the action of the subordinate lodge.

The relator then applied to this court for a writ of *mandamus* to the Henry Clay Lodge and to the Grand Lodge to reinstate him in his said membership.

That *mandamus* is the appropriate remedy to effect the restoration of a member of a private corporation who has been irregularly removed from membership is *res adjudicata* in this court. *Sibley* v. *Carteret Club,* 11 *Vroom* 295.

In determining whether courts will take jurisdiction, a distinction must be observed between cases in which the association subjects its members to discipline for immoral conduct

or for violation of the rules of the order, and those instances in which the member appeals to the courts to secure property rights or to enforce money demands.

In regard to matters of discipline, the courts will not interfere against the decision of the members of a club professing to act under its rules, unless it can be shown either that the rules are contrary to natural justice, or that what has been done is contrary to the rules, or that there has been *mala fides* or malice in arriving at the decision, or refusal to give the member a hearing.

Such is the rule declared in *Dawkins* v. *Antrobus*, 17 *L. R., Ch. Div.* 615, affirming the decision of Jessel, Master of the Rolls.

The weight of authority in this country is to a like effect. *Bac. Benef. Soc.*, §§ 105, 106, and cases cited; *Livingston* v. *Trinity Church*, 16 *Vroom* 230.

In the case before us the prosecutor rests his right to relief upon the allegation that the proceedings against him are irregular and illegal, when tested by the rules and constitution and by-laws of the defendant association.

Assuming this to be true, we think that he has been premature in invoking the aid of this court before he has exhausted the remedies to which he may resort within the organization itself.

Under the rules of the order, to which he voluntarily subscribed, he had an appeal to the Grand Lodge, to which he resorted in this case without success. From the Grand Lodge an appeal lies to the Supreme Lodge, and it is provided by the constitution of the Supreme Lodge that unless an appeal be taken from the decision of the Grand Lodge, the decision of the Grand Lodge shall be conclusive. Notice of appeal has been given by the relator, but has not as yet been prosecuted to effect.

The Supreme Court of Pennsylvania holds that a member of a mutual benefit society must resort, for the correction of an alleged wrong done to him as such member, to the tribunals of the society; and the judgment of such tribunals,

when resulting fairly from the application of the rules of the society, is final. *McAlees* v. *Supreme Order of the Iron Hall,* 13 *Atl. Rep.* 755.

The same rule has been adopted in Massachusetts. *Chamberlin* v. *Lincoln,* 129 *Mass.* 70; *Kauber* v. *Supreme Lodge,* 137 *Id.* 368.

In *Laford* v. *Deems,* 81 *N. Y.* 508, the New York Court of Appeals refused to intervene, on the ground that courts should not, as a general rule, interfere with the contentions and quarrels of voluntary associations, so long as the government is fairly and honestly administered, and those who have grievances should be required in the first instance to resort to the remedies for redress provided by their rules and regulations.

If there is a right of appeal to a tribunal of the organization, a *mandamus* will not issue until that remedy is exhausted. Members of such associations, having voluntarily constituted tribunals to adjust their differences, should not be permitted to resort to courts of justice to set aside the illegal awards of such tribunals, as long as there is another body which has power to reverse the sentence, and which has not been appealed to. The presumption is that the superior court will correct any illegal decision in the forum below. *Screwsmen Association* v. *Benson,* 76 *Tex.* 552; *Harrington* v. *Workingmen's Association,* 70 *Ga.* 340.

*Bauer* v. *Samson Lodge, Knights of Pythias,* reported in 102 *Ind.* 262, draws a clear distinction between one who is asserting a claim to money due upon the terms of the contract entered into, and one who presents a question of discipline, of policy or of doctrine of the order or fraternity to which he belongs. The Indiana court maintained that in the latter case the member must resort to the method of procedure prescribed by the association before invoking the power of the courts.

There is no good reason why he should be permitted to repudiate the engagement into which he enters to submit to the by-laws, rules and regulations of the order.

It is quite apparent that the efficiency of such organizations ·cannot be maintained if a member may at his pleasure remove such controversies into the civil courts, to the exclusion of the ·tribunals which have been established for their adjudication.

The suggestion that the Supreme Lodge is a foreign corporation, over which this court can exercise no jurisdiction, and ·that, therefore, the relator should not be required to resort to his appeal, has not, in my judgment, any controlling force.

If, after review in the·Supreme Lodge, there remains in the ;proceedings and judgment against the relator any such illegality ·as will give him a standing in this court, he may sue for relief, and the asssociations now defendant here will still be ·within the reach of the mandatory writ.

The *mandamus* should be denied, with costs.