JOSEPH LEHMANN v. HUDSON COUNTY REPUBLICAN COMMITTEE.

Submitted July 19, 1898—Decided November 7, 1898.

This court will not interfere by *certiorari* to set aside a proceeding by the defendant, which is an incorporated political body, for alleged irregularity, until the remedy within the organization is exhausted, if in any event it could do so.

On *certiorari.*

Before Justices DEPUE, VAN SYCKEL and GARRISON.

For the plaintiff, *Frank M. Hardenbrook.*

For the defendant, *Flavel McGee.*

The opinion of the court was delivered by

VAN SYCKEL, J.   The plaintiff has sued out the writ of *certiorari* in this case to set aside proceedings taken to amend the. constitution of the Hudson County Republican Club, which is an organization incorporated under the provisions of the Social Club act, approved March 27th, 1878.   *Gen. Stat., p.* 3124.

The reasons relied upon for the interference of this court are that the proceedings are irregular and without conformity to the rules of the association and the requirements of its constitution.

It appears in the case that these contested amendments are not yet completed—they are still *in fieri.*   They have received the affirmative vote of the county committee, but by the terms of the old constitution and by the action which adopted them, they do not become a part of the constitution until they are submitted to and approved by the county convention of the association at its next meeting.

Without intending to concede the power or duty of this court to intervene in a controversy of this character, it is

sufficient for the disposition of this case to say that there is a remedy for the alleged irregularity or error within the corporate body, and the rule is established that the prosecutor must exhaust his means of redress there before he can invoke the aid of this court. *Zeliff* v. *Knights of Pythias*, 24 *Vroom* 536 ; *Ocean Castle* v. *Smith*, 29 *Id.* 545 ; *S. C.*, 30 *Id.* 198.

This doctrine is especially applicable to controversies like that in which the prosecutor has sought the aid of this court.

The writ should be dismissed, with costs.