THE STATE, EX REL. RICHARD GRANT, v. THE ANCIENT
ORDER OF FORESTERS.

Submitted March 21, 1907—Decided June 10, 1907.

Application was made to this court by a subordinate branch of a fraternal organization for a writ of *mandamus* to compel the reinstatement to membership in the parent body of the subordinate branch, which had been suspended by the chief officer of the organization under its rules, with the approval of the executive council, after a hearing, and it appearing that no property rights or money demands were involved, and that the applicant had not first exhausted his right of appeal to the appellate body within the organization, it was held that the writ of *mandamus* must be denied.

On rule to show cause why a writ of *mandamus* should not be issued.

Before Justices FORT, HENDRICKSON and PITNEY.

For the relator, *Cornelius Doremus* and *William H. Galloway*.

For the defendant, *Archibald C. Hart.*

The opinion of the court was delivered by

HENDRICKSON, J. This is an application for a *mandamus* requiring the defendant corporation, a fraternal organization, to revoke the order of suspension of Court Manhattan, No. 8483, and its officers and members, from membership in the defendant, the parent body, and to reinstate such subordinate court to full membership therein. The suspension was summarily ordered by the high chief ranger, the chief officer of the organization, on March 23d, 1906, on the ground that Court Manhattan did, on March 9th, 1906, permit one Mc-Nulty, a suspended member of the court, to sit in the sessions of the court and participate in its business, well knowing that he had been suspended. Subsequently a hearing was given to

the suspended court before the executive council in New York City, which body sustained and continued the suspension. The relator claims that the suspension was irregularly made, and that the alleged hearing before the executive council was so irregularly and unfairly conducted, that the proceeding is void. The defendant denies this, and raises, *in limine,* an objection to this court's taking action upon the application, on the ground that before its interference can properly be invoked, the suspended court must first exhaust its remedy by an appeal to the superior bodies of the organization, where such an appeal may be had under its rules. Manifestly we should dispose of this objection before taking up the merits of the complaint. The case shows that under the rules of the organization there is a right of appeal to the subsidiary high court, which will meet in September next, and from the decision of the latter there may be an appeal to the supreme high court. It should be stated that this is not a case involving property rights or money demands, but involves a question of discipline only. While the case shows that the high court has a sick and funeral benefit department, the subordinate courts cannot participate in it unless they are connected with that department by becoming contributors to that fund. Court Manhattan was not connected with that department, but had its own beneficial department, as allowed by the rules. In such a situation the law is settled that ordinarily the appeal must be first taken within the organization before recourse can be had to the civil courts. *Zeliff* v. *Knights,* 24 *Vroom* 536. The relator contends that this principle should not be applied to his application on the ground that the irregularity of the hearing was so marked that no testimony or minutes were taken, and hence there was no record upon which to appeal. But the case shows that the relator and his witnesses were examined in the presence of the council, and that there were some minutes kept of the proceedings, and it cannot be said that the action of the council was void for want of jurisdiction. It is presumed that the appellate body within the organization will do justice

between the parties. *Zeliff* v. *Knights, supra.* So that in the present *status* of this controversy we are impelled to decline to take cognizance of it. The application for a *mandamus* must be denied, with costs.