We are of opinion that, in the circumstances here presented, appellant is not at liberty to invoke the jurisdiction *Page 61 
of equity until he has exhausted the appellate remedies bestowed by the constitution and laws of the respondent Guild and of the parent society. We find no justification for the flouting of the tribunals set up within the society for the adjudication of a controversy such as this — one that involves a fundamental policy of the subordinate body, i.e., whether the "interests" of the member lay with the employer-publisher as against the Guild and its members, and therefore peculiarly for the cognizance of the organization itself in the first instance.
There is no property right in immediate jeopardy. Appellant has not, by reason of the action complained of, lost his employment; nor is such a loss threatened. Even where property rights are involved, there will be no judicial interposition until the remedy within the body has been exhausted, if it is adequate and the members have so stipulated. Cameron v. InternationalAlliance, c., 118 N.J. Eq. 11; Ocean Castle, c., v. Smith,58 N.J. Law 545; affirmed, sub nom. Smith v. Ocean Castle, c.,59 N.J. Law 198; Roxbury Lodge, c., v. Hocking, 60 N.J. Law 439.
The constitutions of both the parent and the subordinate bodies impose upon the members the obligation of resort to the society's own tribunals, for the settlement of a controversy, before invoking the jurisdiction of the courts. We find no basis in the proofs for appellant's claim that the pursuit of the internal remedy so provided would be "futile, illusory and vain." The case is within none of the exceptions to the general rule.
We therefore deem it unnecessary to pass upon the questions relating to the validity of the proceedings already had within the union.
The decree dismissing the bill is accordingly affirmed.
For affirmance — PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, WALKER, JJ. 12.
For reversal — None. *Page 62