696 A.2d 65

ALAN J. CORNBLATT, PLAINTIFF–RESPONDENT, v.
AILEEN BAROW, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued June 2, 1997—Decided July 7, 1997.

Before Judges PETRELLA and KIMMELMAN.

*Michael E. Wilbert* argued the cause for appellant (*Wilbert & Montenegro, P.C.*, attorneys; *Mr. Wilbert*, of counsel; *Suzanne White–Ballou*, on the brief).

*Mark H. Sobel* argued the cause for respondent (*Greenbaum, Rowe, Smith, Ravin, Davis & Himmel, L.L.P.*, attorneys; *Mr. Sobel*, of counsel; *Richard L. Hertzberg*, on the brief).

The opinion of the court was delivered by

KIMMELMAN, J.A.D.

At issue on this appeal is the interpretation of and effect to be given to recently enacted legislation requiring the filing of an affidavit of merit in order to maintain a cause of action against certain licensed professional persons for malpractice or negligence. *See N.J.S.A.* 2A:53A–26 to –29 (the "statute"). The statute was signed into law by the Governor on June 29, 1995, and became effective on that date as part of a "tort reform" package of five bills.[1]

Factually, it appears that plaintiff, an attorney, had represented defendant in a contested matrimonial action which required a lengthy trial. When plaintiff rendered his bill for legal services, defendant objected and requested that her fee dispute with plaintiff be arbitrated in accordance with the provisions of *R.* 1:20A. Such hearings were held and, on October 11, 1995, the District Fee Arbitration Committee (Committee) issued its determination that plaintiff was entitled to the total reasonable charge of $212,-529.22, less the sum of $40,817.60 previously paid by defendant, leaving a net balance due plaintiff of $171,711.62. Defendant was advised by the Committee that the amount awarded was to be paid within thirty days and if not so paid that judgment in accordance with *R.* 1:20A–3 may be entered against her.

---

[1] These bills became Chapters 139, 140, 141, 142, and 143 of the Laws of 1995.

Defendant then lodged an appeal from the decision of the Committee with the Disciplinary Review Board of the Supreme Court (D.R.B.). The determination of the Committee was affirmed by the D.R.B. and defendant's appeal was dismissed. *See R.* 1:20A–3(c); *R.* 1:20–15(1).

When the fee award was not paid within thirty days, plaintiff filed a complaint in the Law Division against defendant to reduce to judgment the sum of $171,711.62. Defendant answered and filed a counterclaim alleging that plaintiff had breached his contract with defendant by not performing his services in a timely fashion. It was alleged that his neglectful breach caused the underlying matrimonial matter to go to trial rather than to settle, thereby forcing defendant to incur additional costs and attorney's fees. Although not described as a cause of action for malpractice in defendant's counterclaim, the allegations contained all the requisite elements of a claim of legal malpractice. *Albright v. Burns,* 206 *N.J.Super.* 625, 632, 503 *A.*2d 386 (App.Div.1986).

Plaintiff filed his answer to the counterclaim in which he demanded that defendant submit within sixty days the affidavit of merit required by the statute. A case management order, entered on February 13, 1996, required defendant to submit the affidavit of merit by April 5, 1996. The trial judge later acknowledged the date should have been April 10, 1996.

Defendant, in effect, was the plaintiff on the malpractice counterclaim. The statute requires that such plaintiff file the affidavit of merit within sixty days of defendant's answer. *N.J.S.A.* 2A:53A–27 provides:

Affidavit required in certain actions against licensed persons

In any action for damages for personal injuries, wrongful death or property damage resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation, the plaintiff shall, within 60 days following the date of filing of the answer to the complaint by the defendant, provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices. The court may grant no more than one additional period, not to exceed 60 days, to file

the affidavit pursuant to this section, upon a finding of good cause. The person executing the affidavit shall be licensed in this or any other state; have particular expertise in the general area or specialty involved in the action, as evidenced by board certification or by devotion of the person's practice substantially to the general area or specialty involved in the action for a period of at least five years. The person shall have no financial interest in the outcome of the case under review, but this prohibition shall not exclude the person from being an expert witness in the case.

When no affidavit of merit had been provided by April 24, 1996, some two weeks after the statutory sixty-day deadline, plaintiff moved to dismiss defendant's counterclaim for failure to comply with the statute and moved for summary judgment on his complaint. On May 1, 1996, defendant cross-moved, after the expiration of the sixty-day statutory period, for the court to grant an additional period of sixty days. Alternatively, defendant claimed that her legal malpractice counterclaim did not fall within the statutory definitions of malpractice causes of action. On May 8, 1996, the trial court denied defendant's request for a sixty-day extension finding that there was no justification presented for an extension beyond the initial sixty-day period. The court then dismissed with prejudice defendant's counterclaim for failure to provide an affidavit of merit consistent with the statute and to do so within the prescribed time limit. Defendant does not contend on appeal that good cause existed to justify an extension of an additional period of sixty days.

I

Initially, we refer to the structure and plain language of the statute to determine whether the statute encompasses malpractice claims against attorneys. *N.J.S.A.* 1:1–1; *Kimmelman v. Henkels & McCoy, Inc.*, 108 *N.J.* 123, 128, 527 *A.*2d 1368 (1987). The statute applies to "any action ... for *personal injuries, wrongful death* or *property damage* resulting from an alleged act of malpractice ... by a licensed person...." *N.J.S.A.* 2A:53A–27 (emphasis added). An attorney admitted to practice law in New Jersey is one of the professionals defined by the statute as a "licensed person." *N.J.S.A.* 2A:53A–26c.

The alleged malpractice or negligence of other licensed persons covered by the statute such as architects, physicians, registered nurses, or engineers, may result in "personal injuries[ ]" or "wrongful death[,]" but it is not generally expected that an attorney's alleged malpractice might result in personal injuries or wrongful death. The statute, however, further applies to claims of malpractice resulting in property damage. The issue is whether defendant's claim that plaintiff's alleged malpractice resulted in money damages was contemplated by the Legislature as a claim for "property damage" under the statute. The term "property damage" is not defined by the statute, but when given a generally accepted meaning considering the purpose and structure of the statute there is no doubt that damages both to real and personal property are within the legislative intent. *N.J.S.A.* 1:1–1; *Midlantic Nat'l Bank v. The Peerless Ins. Co.,* 253 *N.J.Super.* 137, 142–43, 601 *A.*2d 243 (App.Div.1992).

Malpractice or negligence committed by architects, engineers, or attorneys may very well result in damage to real and personal property. Personal property embraces everything that may be tangible or intangible such as a chose in action. The right or claim to "money damages ... is a property right ... beyond question." *Beedie v. Int'l Bhd. of Elec. Workers,* 25 *N.J.Super.* 269, 272, 96 *A.*2d 89 (App.Div.), *certif. denied,* 13 *N.J.* 392, 99 *A.*2d 859 (1953). *See also Black's Law Dictionary* 1216–1218, (6th ed.1990). Accordingly, we conclude that a claim against an attorney for alleged malpractice is a claim for property damage within the legislative intent and plain meaning of the statute.

## II

A certification (rather than an affidavit) dated May 16, 1996, by Michele Donato, an attorney who had represented defendant before the Committee and on the appeal to the D.R.B., was submitted by defendant on May 24, 1996. This certification was provided some six weeks late and well after the May 8, 1996,

dismissal of defendant's counterclaim because of her failure to provide a timely affidavit of merit.

The statute specifically requires that an "affidavit" of an appropriately licensed person be provided by the claimant alleging malpractice. The furnishing of a *certification* in place of an *affidavit* is not compliance with the statutory mandate. *R.* 1:4-4(b) does provide that: "In lieu of the affidavit, oath or verification required *by these rules,* the affiant may submit [a] certification...." (Emphasis added). Here, however, the Legislature, not the Rules of Court, requires that an "affidavit" be provided. The Legislature did not provide for the submission of a certification *in lieu* of an affidavit as is permitted by the Rules of Court. This distinction is material and dispositive. *See, e.g., Matthews v. Deane,* 196 *N.J.Super.* 428, 437, 483 *A.*2d 224 (Ch.Div.1984), *appeal dismissed,* 206 *N.J.Super.* 608, 503 *A.*2d 376 (1986). Moreover, the case management order required the production by defendant of an expert's "affidavit."

A court may not ignore or modify the express legislative language and thereby change the word *affidavit* to read *certification. N.J.S.A.* 1:1–1. *See DeHart v. Bambrick,* 177 *N.J.Super.* 541, 549, 427 *A.*2d 113 (App.Div.1981) (citing *Fahey v. Jersey City,* 52 *N.J.* 103, 107, 244 *A.*2d 97 (1968); *Watt v. Mayor & Council of the Borough of Franklin,* 21 *N.J.* 274, 277, 121 *A.*2d 499 (1956); *Duke Power Co. v. Patten,* 20 *N.J.* 42, 49, 118 *A.*2d 529 (1955)).

The doctrine of substantial compliance with a statute is inapplicable to save defendant on these facts. In an unrelated context dealing with the late filing of a notice of claim under the New Jersey Tort Claims Act, *N.J.S.A.* 59:1–1 to 59:12–3, we said in *Anske v. Borough of Palisades Park,* 139 *N.J.Super.* 342, 347, 354 *A.*2d 87 (App.Div.1976), that "[n]otwithstanding the statutory provisions ... our own State ha[s] relied upon the doctrine of substantial compliance with the statute for the purpose of alleviating the hardship and unjust consequences which attend *technical defeats of otherwise valid claims.*" (Emphasis added). In *Anske,* the late filing was excused because the municipality already had

substantial notice of the claim. Here, we are not dealing with establishing notice of a malpractice claim but rather with the statutory requirement to make a timely showing by a knowledgeable professional that the asserted claim has merit. The would-be affidavit of merit suffered from more than a mere technical defect. Even if we were to consider Ms. Donato's certification as an affidavit of merit, it was submitted late without adequate excuse, it was not in meaningful compliance with the substantive requirements of the statute, and therefore did not support an otherwise valid malpractice claim. *Cf. Zamel v. Port of N.Y. Authority,* 56 *N.J.* 1, 6–7, 264 *A.*2d 201 (1970) (finding substantial compliance with a notice of claim statute where the Authority had substantially all the information required by the notice statute prior to the filing date).

### III

The trial judge, nevertheless, circumspectly considered the merits of the certification as if it were indeed a timely-filed affidavit notwithstanding his earlier dismissal of defendant's counterclaim on May 8, 1996. The contents of the certification of Ms. Donato were then determined to be deficient.

The statute requires that the person executing the affidavit have particular expertise in the general area or specialty involved in the action and that the affiant's practice must be substantially devoted to that general area or specialty for a period of at least five years. Ms. Donato's certification failed to state that she had any expertise in the area of matrimonial law encompassed by the malpractice alleged in the counterclaim. The certification also failed to state that for a period of at least five years Ms. Donato's practice was substantially devoted to the general area or specialty involved in defendant's counterclaim.

The legislative purpose in enacting the affidavit of merit statute was to curtail the filing of frivolous lawsuits by requiring plaintiffs in malpractice cases, on pain of dismissal for failure to state a cause of action, to make a threshold showing by a knowledgeable

professional that such claim is meritorious since "there exists a reasonable probability that the care, skill or knowledge exercised" by the professional being sued fell outside of acceptable professional standards. *N.J.S.A.* 2A:53A–27. *See Petition of Hall,* 147 *N.J.* 379, 391, 688 *A.*2d 81 (1997) (citing Peter Verniero, Chief Counsel to the Governor, *Report to the Governor on the Subject of Tort Reform* (Sept. 13, 1994)).

For the reasons stated, the substance of the certification fell short of delineating the professional qualifications of the expert affiant as required by *N.J.S.A.* 2A:53A–27. As indicated, the certification, deficient on its face, may not be considered as being in substantial compliance with the statute.

## IV

■ The statute further requires that the affidavit of merit indicate that the affiant has "no financial interest in the outcome of the case under review[.]" Ms. Donato's original certification failed to so indicate. However, a fax copy of an amended certification, dated June 6, 1996, indicating her financial disinterest was "slipped" under the trial judge's door on the day of his decision. The record indicates that Ms. Donato represented defendant before the Committee and the D.R.B. in defendant's contest of plaintiff's bill for legal services. Ms. Donato's certification was executed on May 16, 1996, within one month of the D.R.B.'s letter to her rejecting defendant's appeal. It may very well be that Ms. Donato had no financial interest in the outcome of the malpractice cause of action but it would appear that she had a financial interest as an attorney in the resolution of the fee related arbitration proceeding. The fee dispute matter handled by Ms. Donato arose out of plaintiff's legal representation of defendant which Ms. Donato then claimed and now claims fell short of accepted professional standards. Consequently, Ms. Donato's representation of defendant should have been disclosed in good-faith compliance with the purpose of the statute.

The statute requires the affidavit of merit to be made by "an appropriate licensed person[.]" The legislative intent is that such licensed person making the affidavit be financially disinterested and neutral. We question, but need not decide, whether Ms. Donato was an "appropriate [neutral] person" who may execute an affidavit of merit.

## V

Defendant argues that her counterclaim should not have been dismissed with prejudice for her failure to comply with the statute. *N.J.S.A.* 2A:53A–29 mandates that failure to provide an affidavit of merit "shall be deemed a failure to state a cause of action." Such failure is not analogous to a failure to comply with discovery rules in civil actions. Court rules authorize and permit a variety of sanctions for discovery infractions short of the ultimate sanction of dismissal with prejudice. *See Abtrax Pharmaceuticals, Inc. v. Elkins–Sinn, Inc.*, 139 *N.J.* 499, 512–515, 655 *A.*2d 1368 (1995). Nevertheless, for "deliberate and contumacious[ ]" infractions a dismissal with prejudice is justified. *Id.* at 514, 655 *A.*2d 1368. However, the infraction here is not a mere technical violation of discovery rules. Rather, it is non-compliance with and therefore a direct violation of the specific statutory mandate. The *Report to the Governor on the Subject of Tort Reform* indicates that failure to produce the affidavit of merit "would entitle the defendant(s) to move for summary dismissal, which the court must grant." Peter Verniero, *Report to the Governor on the Subject of Tort Reform* 9 (Sept. 13, 1994).

The legislative intent in enacting the affidavit of merit statute was to eliminate groundless malpractice filings. Sixty days following the filing of an answer within which to provide such an affidavit, plus an additional sixty days if timely applied for with satisfactory reasons, is an ample time period to make a threshold showing that the malpractice claim is meritorious. To hold that dismissals for failure to state a cause of action under the statute are without prejudice, is to allow malpractice defendants to be

faced with repeated re-filings of the same cause of action beyond the initial sixty-day period, and possible sixty-day extension period, thereby thwarting the legislative intent. Such would be a clearly absurd result which is "manifestly repugnant" to the legislative intent and to the sensibilities of this court. *Donohue v. Campbell,* 98 *N.J.L.* 755, 763, 121 *A.* 700 (E. & A.1923); *Midlantic Nat'l Bank, supra,* 253 *N.J.Super.* at 143, 601 *A.*2d 243.

A malpractice claimant is given an ample but limited window of opportunity to make a showing by the prescribed affidavit of merit that there is a reasonable probability that the cause of action asserted has substantive merit. An inability to make that legislatively required showing is a failure to state a cause of action and warrants a dismissal with prejudice. *N.J.S.A.* 2A:53A–29.[2]

## VI

Finally, we point out that pursuant to *L.* 1995, *c.* 139, § 5, the statute took effect immediately when signed on June 29, 1995, and applied "to causes of action which occur on or after the effective date...." Whether the statute applied to defendant's cause of action for alleged legal malpractice, which obviously happened prior to the effective date of the law, was not raised below and was not briefed or otherwise argued on appeal.[3] Accordingly, the

---

[2] Georgia has a similar affidavit of merit statute, G.A.Code Ann. § 9–11–9.1 (1996), and it has been held that failure to provide the expert affidavit results in a "dismissal on the merits[]" which is with prejudice. *See Lutz v. Foran,* 262 *Ga.* 819, 427 *S.E.*2d 248, 252 (1993); *ABE Engineering v. Griffin, Cochran & Marshall,* 212 *Ga.App.* 586, 443 *S.E.*2d 1 (1994). *See also* Minn.Stat. § 145.682 (1996); *Paulos v. Johnson,* 502 *N.W.*2d 397 (Minn.Ct.App.1993); *Martinelli v. Hessekiel,* 132 *A.D.*2d 691, 518 *N.Y.S.*2d 169 (App.Div.1987).

[3] After oral argument, we *sua sponte* requested letter briefs on the issue of the applicability of the statute to this case. Notwithstanding that the applicability of the statute had been assumed and had never been raised below in the briefs filed with this court or at oral argument, we received and considered such briefs which also addressed the issue of waiver.

issue is deemed waived. *R.* 2:10–2. *See also* Pressler, *Current N.J. Court Rules,* comment on *R.* 2:6–2 (1997).

■    Apart from the foregoing, we are satisfied that the statute was intended by the Legislature to apply "to causes of action which occur" in the sense of being filed subsequent to the effective date of June 29, 1995. Rather than using the phrase *causes of action which accrue* after the effective date, the Legislature used the phrase "*causes of action which occur* ... after the effective date[.]" (Emphasis added). A meaningful distinction was intended. Both the Senate Commerce Committee [4] and the Assembly Insurance Committee [5] which reported out the statute in bill form each referred to the bill as "establish[ing] new procedures with regard to the *filing* of certain malpractice ... actions...." [Emphasis added]. The plain intent so expressed was not that new procedures were established for malpractice actions accruing after the effective date of the statute, but rather that new procedures were established for malpractice actions filed after the effective date of the statute. The legislative use of the wording "which occur" rather than *which accrue* convincingly manifests the intent that the express language refers to the time of filing and not the time of accrual of the cause of action for malpractice.

As supplemented by this opinion, the summary judgment in favor of plaintiff on his complaint, entered June 10, 1996, and the dismissals with prejudice of defendant's malpractice counterclaim, entered both on May 8, 1996, and July 30, 1996, are affirmed substantially for the reasons expressed by Judge Oles in his oral opinion of June 7, 1996, and his written statement annexed to the order of July 30, 1996.

---

[4] Senate Commerce Committee, Statement to Senate Bill No. S–1493 (Nov. 10, 1994).

[5] Assembly Insurance Committee, Statement to Senate Bill No. S–1493 (June 1, 1995).