ALDISERT, Circuit Judge,
dissenting.
I agree with the Majority’s comprehensive treatment of many of the issues before our Court, and I therefore join in all parts of its opinion save one: the Majority’s decision in Part V.C to make no decision about whether the Affidavit of Merit (“AOM”) Statute applies here. The Majority has balked at exercising our duty to interpret state law when sitting in diversity, and has chosen instead to certify two questions to the New Jersey Supreme Court: (1) whether the money damages requested by Nuveen in this case are considered “property damages” under the AOM Statute; and (2) whether an action alleging an intentional tort, such as common law fraud or aiding and abetting common law fraud, is subject to the same statute.
Four federal judges have ruled on these issues; we seem to be divided on the result, two and two: District Judge Garret E. Brown Jr. and myself on one side, and my colleagues in the Majority on the other. It is thus difficult to say that those who now seek certification reflect the view of the Third Circuit that the New Jersey Supreme Court has not been adequately clear on the points in question.
We are charged with the responsibility of deciding state law issues contained in federal diversity cases, and we may not shirk that duty merely because those issues may be difficult, unwieldy, or ponderous. As Judge Jones said on our Court’s behalf three-quarters of a century ago, when considering “the responsibility which Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), cast upon federal courts, of deciding questions of state law in diversity cases,” we must “not hesitate[ ] to decide questions of state law when necessary for the disposition of a *315 case brought to [us] for decision,” even if “the highest court of the state ha[s] not answered them, the answers [are] difficult, and the character of the answers which the highest state courts might ultimately give remain[ ] uncertain.” Comm’r of Internal Revenue v. Lewis, 141 F.2d 221, 225 (3d Cir.1944) (quoting Meredith v. City of Winter Haven, 320 U.S. 228, 237, 64 S.Ct. 7, 88 L.Ed. 9 (1943)). This is especially so “where, as in the present instance, the pertinent question of local law is directly involved and is duly raised by the pleadings and the material facts as stipulated by the parties.” Id.
In my view, certification should be limited to basic legal issues of great import, amenable to application in a large panoply of factual situations, rather than the fact-bound issues presented in this limited certification. See e.g., Arizonans for Official English v. Arizona, 520 U.S. 43, 79, 117 S.Ct. 1055, 137 L.Ed.2d 170 (1997) (“Novel, unsettled questions of state law, however, not ‘unique circumstances,’ are necessary before federal courts may avail themselves of state certification procedures.”) (quoting Yniguez v. Arizonans for Official English, 69 F.3d 920, 931 (9th Cir.1995)). Because I conclude that the New Jersey Supreme Court’s view has been expressed sufficiently to facilitate our review, I respectfully dissent from the certification to the New Jersey Supreme Court.
I.
The first issue the Majority certifies is whether the money damages sought by Nuveen are considered “property damages” under N.J. Stat. Ann. § 2A-.53A-27, which provides that an affidavit of merit is required in actions seeking “damages for personal injuries, wrongful death or property damage resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation.” Certification of this issue is unnecessary because the New Jersey Supreme Court has already answered the question: “The [AOM] statute applies to all actions for damages based on professional malpractice.” Paragon Contrs., Inc. v. Peachtree Condo. Ass’n, 202 N.J. 415, 997 A.2d 982, 985 (2010) (emphasis added) (citation omitted).
A federal court sitting in diversity is “bound to follow state law as announced by the highest state court.” Sheridan v. NGK Metals Corp., 609 F.3d 239, 253 (3rd Cir.2010) (internal quotation marks and citation omitted). Here, the New Jersey Supreme Court has clearly expressed its view on the AOM Statute’s applicability. Even if “the state’s highest court has not addressed the precise question presented, [we] must [still] predict how the state’s highest court would resolve the issue,” rather than merely punt the issue to the state court because of a perceived lack of clarity. Orson, Inc. v. Miramax Film Corp., 79 F.3d 1358, 1373 n. 15 (3d Cir.1996) (emphasis added).
The Majority relies on the teachings of Couri v. Gardner, 173 N.J. 328, 801 A.2d 1134 (2002), to explain their doubt as to whether the money damages sought here fall within the ambit of the AOM Statute. But Couri is factually distinguishable from this matter and does not sow seeds of doubt regarding the New Jersey Supreme Court’s view of the issue currently before us. Unlike the plaintiff in Couri, who brought a breach-of-contract action seeking a finite sum of money he had already paid to the defendant, see 801 A.2d at 1141, here, Nuveen seeks the money it paid as part of a transaction with a non-party. Nuveen has not paid any money to Appellees and has not brought a breach-of-contract claim against either Appellee. The New Jersey Supreme Court’s view is unambiguous: because Nuveen’s “action *316 for damages [is] based on professional malpractice,” the AOM statute applies. Paragon, 997 A.2d at 985.[1]
II.
The second issue the Majority certifies is whether an action alleging an intentional tort, such as common law fraud or aiding and abetting common law fraud, is subject to N.J. Stat. Ann. § 2A53A-27. But, once again, the New Jersey Supreme Court has already answered this question: “[W]hen asserting a claim against a professional covered by the statute, whether in contract or in tort, a claimant should determine if the underlying factual allegations of the claim require proof of a deviation from the professional standard of care for that specific profession.” Couri, 801 A.2d at 1141. “If such proof is required, an affidavit of merit shall be mandatory for that claim, unless either the statutory, N.J. Stat. Ann. § 2A53A28, or common knowledge exceptions apply.” Id.
The instructions are clear; we must merely apply the rule to the facts before us — a task that New Jersey state courts have had no problem accomplishing. See e.g., Risko v. Ciocca, 356 NJ.Super. 406, 812 A.2d 1138, 1142-1143 (App.Div.2003) (applying the teachings of Couri and concluding that “no exception is "applicable in this case, which essentially deals with a claimed deviation in the standard of care, an affidavit of merit was required”).
Here, Nuveen contends that intentional misrepresentations were made as a result of Withum’s failure to abide by the Generally Accepted Accounting Principles, (“GAAP”) and the Generally Accepted Auditing Standards (“GAAS”). Thus, Nu-veen’s fraud claims plainly require proof that Withum deviated from professional standards of care. “[Clauses of action alleging intentional torts that rely for their success upon proof of deviation from the professional standard of care applicable to the profession are subject to the AOM requirement, regardless of their label.” Balthazar v. Atlantic City Med. Ctr., 358 N.J.Super. 13, 816 A.2d 1059, 1067 (App.Div.2003) (citing Couri, 801 A.2d 1134). Because the New Jersey Supreme Court has sufficiently expressed its view on the issue, certification is not warranted.
III.
For the foregoing reasons, I respectfully disagree with the Majority and would not certify any questions to the New Jersey Supreme Court, but instead, would decide the state law issues properly before us.

. Nuveen’s interpretation of “property damages,” moreover, would render the AOM Statute’s provisions meaningless with respect to attorneys and accountants — the professions of Appellees here. For certain professionals, it is rare that malpractice would result in, personal injuries or death. See Cornblatt v. Barow, 303 N.J.Super. 81, 696 A.2d 65, 68 (App.Div.1997), rev’d on other grounds 153 N.J. 218, 708 A.2d 401 (1998). If Nuveen were correct that "property damages” do not include money damages, the AOM Statute would hardly ever apply to attorneys or accountants and would essentially be confined to actions for medical malpractice. But both accountants and attorneys are professionals defined by the Statute as a "licensed person.” N.J. Stat. Ann. § 2A:53A-26. New Jersey courts have held that it was not the legislature's intent to exclude these professions. See e.g., Cornblatt, 696 A.2d at 68 ("[A] claim against an attorney for alleged malpractice is a claim for property damage within the legislative intent and plain meaning of the statute.”).