PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4633
_____


NUVEEN MUNICIPAL TRUST, on behalf of its series
Nuveen High Yield Municipal Bond Fund, a Massachusetts
Business Trust,

                                        Appellant

v.

WITHUMSMITH BROWN P.C., A New Jersey Professional
Corporation; LINDABURY MCCORMICK ESTABROOK
& COOPER P.C., a New Jersey Professional Corporation


_____


On Appeal from the United States District Court
For the District of New Jersey
(D.C. Civil Action No. 3-08-cv-05994)
District Judge:  Honorable Garrett E. Brown, Jr.
_____


Argued June 21, 2012
_____


Certified Question of State Law
Issued to the Supreme Court of New Jersey August 17, 2012

Submitted January 18, 2013
After Supreme Court of New Jersey Declines Certification
_____


Before: AMBRO, VANASKIE
and ALDISERT, <u>Circuit Judges</u>

(Opinion filed: May 14, 2014)

Alexander Bilus, Esquire
Robert C. Heim, Esquire (Argued)
Brielle M. Rey, Esquire
Wayne Pollock, Esquire
Dechert LLP
2929 Arch Street
18th Floor, Circa Centre
Philadelphia, PA   19104

G. Eric Brunstad, Jr., Esquire (Argued)
Dechert LLP
90 State House Square
Hartford, CT   06103

Matthew J. Delude, Esquire
Primmer, Piper, Eggleston & Cramer
900 Elm Street, 16th Floor
Manchester, NH  03101

Collin O. Udell, Esquire
Jackson Lewis
90 State House Square, 8th Floor
Hartford, CT  06103

David P. Stich, Esquire
Solomon Blum Heymann & Stich
40 Wall Street, 35th Floor
New York, NY   10005

   Counsel for Appellant

Michael J. Canning, Esquire (Argued)
Catherine J. Bick, Esquire
Donald F. Campbell, Jr., Esquire (Argued)
Jaclyn B. Kass, Esquire
Giordano, Halleran & Cielsa
125 Half Mile Road, Suite 300
Red Bank, NJ   07701

   Counsel for Appellee
   Withumsmith Brown PC

William A. Cambria, Esquire
Louis A. Modugno, Esquire (Argued)
James J. DiGiulio, Esquire
William F. O'Connor, Jr., Esquire
McElroy, Deutsch, Mulvaney & Carpenter, LLP
1300 Mt. Kemble Avenue
P.O. Box 2075
Morristown, NJ  07962-2075

   Counsel for Appellee
   Lindabury McCormick Estabrook & Cooper

Christian D. Wright, Esquire
Benjamin Z. Grossberg, Esquire
Young Conaway Stargatt & Taylor, LLP
1000 North King Street, 17th Floor
Rodney Square
Wilmington, DE 19801

      Amicus Counsel for
      Professor Geoffrey C. Hazard, Jr., Esquire

———————————

OPINION OF THE COURT
———————————

AMBRO, <u>Circuit Judge</u>

New Jersey's Affidavit of Merit Statute (the "AOM Statute" or simply "Statute"), N.J. Stat. Ann. § 2A:53A 26-29, requires certain claims against professionals to include an affidavit from an independent professional attesting to the claims' merit. We decide whether the AOM Statute covers Nuveen Municipal Trust's action seeking money damages for fraud, negligent misrepresentation, and malpractice, allegedly committed by two professional firms. Though typically we conceive such statutes as applying only to malpractice claims rooted in negligence resulting from harm to a known property, New Jersey courts go further, making our answer yes.

## I.    Background

This case stems from a loan transaction between Appellant Nuveen Municipal Trust ("Nuveen"), on behalf of

its Nuveen High Yield Municipal Bond Fund, and Bayonne Medical Center ("Bayonne"). On October 11, 2006, Nuveen purchased a $10 million Bond Anticipation Note ("BAN") from Bayonne. In connection with the transaction, Bayonne provided Nuveen with an audit report authored by Bayonne's accounting firm, WithumSmith+Brown, P.C. ("Withum"), and an opinion letter authored by Bayonne's counsel, Lindabury, McCormick, Estabrook & Cooper P.C. ("Lindabury"). Soon after the transaction, Bayonne filed a Chapter 11 bankruptcy petition. Nuveen contends that the audit report and opinion letter concealed aspects of Bayonne's financial condition and, had it known about these financial issues, it would not have purchased the BAN.

Nuveen filed this action against Withum and Lindabury (collectively, "Appellees"). It asserts negligent misrepresentation and fraud as to Withum and negligent misrepresentation and malpractice as to Lindabury; the remedy it seeks throughout is money damages. The District Court dismissed the action with prejudice based on Nuveen's failure to file an affidavit of merit complying with the AOM Statute.

After initially remanding the case to the District Court on a jurisdictional issue, we issued an opinion in August 2012 – *Nuveen Mun. Trust ex rel. Nuveen High Yield Mun. Bond Fund v. Withumsmith Brown, P.C.*, 692 F.3d 283 (3d Cir. 2012). In it we held, *inter alia*, that the District Court was correct in not affording Nuveen certain procedural protections with respect to the AOM Statute. Additionally, we stated that "[i]f the AOM Statute applies to the action, we believe that Nuveen's noncompliance with it calls for the action's dismissal." *Id.* at 288. We questioned, however, whether the action was subject to the Statute and thus reserved deciding whether the District Court was correct to dismiss the action with prejudice. Instead, we certified the following two

5

questions of law regarding the Statute to the New Jersey Supreme Court.

> o Whether the nature of the injury alleged in this case, *i.e.*, the loss of money expended to purchase the BAN from Bayonne, falls within the AOM [Statute's] coverage of "any action for damages for personal injuries, wrongful death or property damage." Specifically, is Nuveen seeking recovery in this action for "property damage" as that term is used in N.J. Stat. Ann. § 2A:53A-27?

> o Whether an action alleging an intentional tort, such as common law fraud or aiding and abetting common law fraud, which relates to alleged professional malpractice or negligence but does not require proof of malpractice or negligence, is subject to N.J. Stat. Ann. § 2A:53A-27?

Judge Aldisert dissented in part from our decision, contending that no certification was necessary, as the New Jersey Supreme Court has been adequately clear on the points in question. In his view, Nuveen's action was subject to the AOM Statute and, consequently, had been correctly dismissed.

In 2013, the New Jersey Supreme Court denied our petition for certification. Shortly thereafter, Appellees filed a supplemental brief addressing additional New Jersey state law and renewing their argument that an AOM was required in this case and that we should affirm the District Court's dismissal of the complaint.

6

In this follow-up opinion we address what we did not in our August 2012 opinion – essentially, whether the AOM Statute applies to Nuveen's action. In light of the New Jersey Supreme Court's denial of our petition for certification, we decide the question based on our best understanding of how the New Jersey Supreme Court would rule. *See Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 253-54 (3d Cir. 2010) (A federal court sitting in diversity is "bound to follow state law as announced by the highest state court"; if the state's highest court has not decided the question, we "must predict the position the court would take on [the] issue" and should look to decisions by intermediate appellate state courts) (internal quotation marks and citations omitted). We conclude that because Nuveen's action (1) can be characterized as one seeking recovery for property damage and (2) requires proof of Appellees' deviation from professional standards of care, the AOM Statute applies and the action was properly dismissed under New Jersey law.

## II. Discussion

The AOM Statute provides that an affidavit of merit is required in actions seeking "damages for personal injuries, wrongful death or property damage resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation." N.J. Stat. Ann. § 2A:53A-27. The "overall purpose of the statute is to require plaintiffs in malpractice cases to make a threshold showing that their claim is meritorious, in order that meritless lawsuits readily could be identified at an early stage of litigation." *Couri v. Gardner*, 801 A.2d 1134, 1137 (N.J. 2002) (internal quotation marks and citation omitted). *Couri*, the seminal New Jersey case on the AOM Statute, sets out the following framework for analyzing whether the Statute applies to a particular claim:

> (1) whether the action is for "damages for personal injuries, wrongful death or property damage" (nature of injury); (2) whether the action is for "malpractice or negligence" (cause of action); and (3) whether the "care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint [] fell outside acceptable professional or occupational standards or treatment practices" (standard of care).

*Id.* at 1137 (alteration in original) (quoting N.J. Stat. Ann. § 2A:53A-27). The parties do not dispute that the complaint satisfies element (3). We only consider, therefore, whether Nuveen's allegations satisfy elements (1) and (2).

Nature of Injury

Element (1) requires us to address whether the money damages sought by Nuveen in connection with its loan transaction with Bayonne qualify as a claim for "property damage" required by the Statute. Nuveen, relying on *Couri*, contends that it seeks only compensatory damages and related costs and, as such, is not asserting a claim for "property damage." *See id.* at 1138. The plaintiff there filed a complaint against his psychiatrist for breach of contract and breach of fiduciary duty resulting from the psychiatrist's distribution of a preliminary report to the estranged wife of the plaintiff without his knowledge or consent. *Id.* at 1136. The plaintiff initially requested "compensatory and punitive damages" but later narrowed his request to the $12,000 he had already paid the psychiatrist for the report and associated costs. *Id.* at 1138. The latter moved to dismiss, arguing that the claim was for malpractice and that the plaintiff had not

8

filed the requisite affidavit of merit. The Court rejected this argument, holding that because the damages sought were not "damages for personal injuries, wrongful death or property damage," plaintiff's claim did not satisfy the first element of the Statute and no affidavit of merit was required. *Id.*

Unlike the plaintiff in *Couri*, Nuveen is not seeking to recoup money it has already paid to Appellees. In fact, it has never directly dealt with Appellees. Instead, it seeks unspecified money damages stemming from its loan transaction with non-party Bayonne.

Contrary to Nuveen's contentions, case law from lower New Jersey courts comports with *Couri* and supports the conclusion that the monetary recovery sought by Nuveen is of the type that triggers the AOM Statute. *Cornblatt v. Barow*, 696 A.2d 65 (N.J. Super. Ct. App. Div. 1997), *rev'd on other grounds by* 708 A.2d 218 (N.J. 1998), for example, squarely addressed the issue of whether a "claim that [a party's] alleged malpractice resulted in money damages was contemplated by the Legislature as a claim for 'property damage' under the [AOM] statute." *Id.* at 68. There the Court held that

> [m]alpractice or negligence committed by architects, engineers, or attorneys may very well result in damage to real and personal property. Personal property embraces everything that may be tangible or intangible such as a chose in action. The right or claim to money damages . . . is a property right . . . beyond question. Accordingly, we conclude that a claim against an attorney for alleged malpractice is a claim for property damage within the legislative intent and plain meaning of the statute.

9

*Id.* (internal quotation marks and citation omitted).

Similarly, in *Nagim v. N.J. Transit*, 848 A.2d 61 (N.J. Super. Ct. Law. Div. 2003), the plaintiff sued for property damage against New Jersey Transit ("Transit"), which in turn filed a third-party complaint for contractual indemnification against an engineering services company ("Urbitran") whose project design allegedly caused the underlying damage to the plaintiff's property. The Court dismissed New Jersey Transit's complaint against Urbitran for failure to file an affidavit of merit, noting that "jurisprudence under the [AOM Statute] has conclusively recognized that the 'property damage' language of the statute includes a claim for money damages," and holding that Transit's claim against Urbitran implicated "both intangible and tangible property rights." *Id.* at 70. It specifically distinguished the case from *Couri* on the ground that "[t]here, the plaintiff's initial claim for compensatory and punitive damages was narrowed and limited solely to . . . compensatory damage . . . . That injury thus became a finite sum of money already paid by the plaintiff to the defendant and for which recompense was sought." *Id.* at 70-71. In *Nagim*, by contrast, Transit sought to assert a cause of action against a third-party, Urbitran, "not for any monies already paid by Transit to Urbitran for services provided . . . [but] for the actual defense and/or the yet unspecified defense costs associated with plaintiff's claims against Transit." *Id.* at 71. This, the Court held, was a claim for property damage within the meaning of the AOM Statute. *Id.* Like the relevant party in *Nagim* and unlike the plaintiff in *Couri*, Nuveen is not seeking to recover a sum certain already paid to Appellees, but rather asks for damages relating to its transaction with Bayonne. *See SRC Constr. Corp. of Monroe v. Atlantic City Hous. Auth.*, No. 10-3461, 2011 WL 1375680, at *3-4 (D.N.J. Apr. 12, 2011) (considering both *Couri* and *Nagim* and concluding that plaintiff's claims were for "property damage" under the AOM

Statute, as they "[did] not seek to recoup a finite sum already paid to [defendants]" but rather sought unspecified monetary damages).

If any doubt remains that negligence or malpractice actions for unspecified money damages meet the property damage requirement of the AOM Statute, the New Jersey Supreme Court has, post-*Couri*, stated generally that "[t]he [S]tatute applies to all actions for damages based on professional malpractice." *Paragon Contractors, Inc. v. Peachtree Condo. Ass'n*, 997 A.2d 982, 985 (2010). Although *Paragon's* ultimate holding turned on the time limits for filing an affidavit of merit and so did not directly or extensively address the applicability of the AOM Statute, the Court's broad statement that the AOM Statute applies to all actions for damages based on professional malpractice has not been questioned by any other New Jersey court decision. Thus we conclude that Nuveen has brought an action for property damage under the AOM Statute.

Cause of Action

Nuveen asserts claims of fraud, aiding and abetting fraud, and negligent misrepresentation against Withum, along with claims of malpractice and negligent misrepresentation against Lindabury. Nuveen concedes that the AOM Statute applies to its negligence and malpractice claims against both Appellees. It argues, however, that its claims for common law fraud, and aiding and abetting common law fraud, against Withum are intentional tort claims to which the AOM Statute does not apply.

The problem for Nuveen is that in New Jersey an action need not be styled as one for malpractice or negligence

11

for the AOM Statute to apply.  Rather, in *Couri*[1] the New Jersey Supreme Court explained that

> [i]t is not the label placed on the action that is pivotal but the nature of the legal  inquiry. Accordingly, when presented with a tort or contract claim asserted against a professional specified in the statute, rather than focusing on whether the claim is denominated as tort or contract, attorneys and courts should determine if the claim's underlying factual allegations require proof of a deviation from the professional standard of care applicable to that specific profession.  If such proof is    required, an affidavit of merit is required for that claim, unless some exception applies.

801 A.2d at 1141.  Applying this standard to the case before it, the *Couri* Court held that no AOM was required.

> Plaintiff is not claiming that defendant erred in respect of the conclusions that he  drew concerning psychiatric/medical matters or that defendant acted improperly from a psychiatric/medical standpoint . . . . Instead, the crux of plaintiff's complaint is that defendant acted improperly as an expert witness by

---

[1] Though the New Jersey Supreme Court in *Couri* acknowledged it could conclude its opinion on the first element of the statute – the "nature of the injury" – alone, it continued to analyze the second element of the statute – the "cause of action"  – in order to resolve conflicts and provide future guidance to lower courts.  801 A.2d at 1138.

12

disseminating the report to others without the knowledge or consent of plaintiff. Although defendant's unauthorized dissemination of the report also might implicate a deviation from prevailing professional standards of practice, proof of that deviation is not essential to the establishment of plaintiff's right to recover based on breach of contract.

*Id.* at 1142.

To determine whether an affidavit of merit was required in our case, we examine the evidence needed to prove the fraud allegations in Nuveen's complaint. Those claims against Withum are premised on the theory that it made material misrepresentations and omissions of past and present facts in its audit report. For example, Nuveen alleges that Withum in its audit report, *inter alia*, allowed Bayonne to count a conditional or unenforceable pledge as revenue, failed to ensure that Bayonne had adequately reserved for uncollectible accounts receivable, and failed to evaluate adequately Bayonne's ability to continue as a going concern. These misrepresentations and omissions are alleged to be a direct consequence of Withum completing its audit examination and report of Bayonne in a manner that violated Generally Accepted Auditing Standards ("GAAS") and Generally Accepted Auditing Principles ("GAAP"). The complaint does not allege that Withum made any material misrepresentations other than those resulting from the failure to comply with GAAS and GAAP.

Though Nuveen's allegations of fraud against Withum are styled as intentional torts, rather than negligence or malpractice claims, they nonetheless require proof that

13

Withum deviated from professional standards of care. And New Jersey Courts, following what they perceive to be the path set out by the State Supreme Court in *Couri*, stretch "malpractice or negligence" to include even those instances. *See, e.g.*, *Alpert, Goldberg, Butler, Norton & Weiss, P.C., v. Quinn*, 983 A.2d 604, 621-22 (N.J. Super. Ct. App. Div. 2009) (requiring affidavit of merit in breach-of-contract claim against attorney because pleadings alleged that "the quality of work product was not sufficient," and that the attorney "failed to do a complete and competent job"; those allegations required "proof of a deviation from the professional standard of care applicable to attorneys"); *Charles A. Manganaro Consulting Eng'rs., Inc. v. Carneys Point Twp. Sewerage Auth.*, 781 A.2d 1116, 1119 (N.J. Super. Ct. App. Div. 2001) (affidavit of merit required in breach-of-contract claim against engineer when "the essential factual allegations . . . [were] that [the engineer] failed to properly prepare the plans and specifications"; this is an "allegation[] of professional malpractice – that [he] failed to act with that degree of care, knowledge, and skill ordinarily possessed and exercised in similar situations by the average member of the profession practicing in the field" (internal quotation marks and citation omitted)).

Though this is counterintuitive (one may argue illogical), it is the suit we must follow; while intentional torts are by definition not negligent, the focus is deviation from a professional standard devoid of any claim label. Hence the fraud claims against Withum require an affidavit of merit.

14

### III.    Conclusion

Based on our understanding of the New Jersey courts' view of the AOM Statute's applicability, we conclude that the money damages sought by Nuveen are considered a claim for "property damage" and that the underlying factual allegations of Nuveen's fraud claims against Withum require proof of a deviation from the professional standard of care. Accordingly, the District Court correctly held that the AOM Statute applies and that Nuveen's noncompliance with the Statute warranted dismissal of its case.

For these reasons, we affirm.