722 A.2d 623 (1998)
317 N.J. Super. 547
John DIVER and Janice Diver, his wife, Plaintiffs,
v.
GROSS, HANLON, TRUSS & MESSER, P.C., Christopher J. Hanlon, Randi M. Wiener, and John/Jane Doe(s), fictitious Defendants, individually, jointly and severally, Defendants.
Superior Court of New Jersey, Law Division (Civil), Middlesex County.
Decided October 2, 1998[1].
*624 Charles A. Cerussi, Middletown, for plaintiffs (Giordano, Halleran & Ciesla, attorneys).
Douglas Motzenbecker, Newark, for defendants (Tompkins, McGuire & Wachenfeld, attorneys).
DERMAN, J.S.C.
This case presents the novel and important issue of when the legally significant facts of attorney malpractice arise with respect to a lapsed statute of limitations for purposes of the requirement of filing an affidavit of merit under N.J.S.A. 2A:53A-27.
Plaintiff, John Diver (Diver), was injured in a workplace accident on December 4, 1992. He retained the law firm of Gross Hanlon Truss Messer, P.C. (Gross, Hanlon) to represent him in undertaking a personal injury suit against St. Mary's Regional High School. Several dates are important, if not critical, to a resolution of this matter; the pivotal date for purposes of the statute of limitations was December 4, 1994. That date, however, came and went and no complaint was filed by the law firm. The complaint was subsequently filed on December 8, 1994. Diver was advised by counsel on February 1, 1995, that the law firm had not filed a timely complaint in the underlying matter. Some ten months later, on December 15, 1995, defendant St. Mary's filed a motion to dismiss on the grounds that the claims were barred by the two year statute of limitations for personal injury actions. Defendant St. Mary's motion was granted and, on January 10, 1996, the complaint was dismissed with prejudice.
Not surprisingly, on May 9, 1996, the same plaintiff filed a legal malpractice action against Gross, Hanlon. No affidavit of merit was filed. Defendants answered on July 23, 1996. On approximately July 7, 1997, the Appellate Division held that the requirement of an Affidavit of Merit applied to all actions filed after June 29, 1995. Cornblatt v. Barow, 303 N.J.Super. 81, 696 A.2d 65 (1997), (rev'd 153 N.J. 218, 708 A.2d 401 (1998)). Plaintiffs provided an affidavit of merit on July 25, 1997, and defendants brought a motion to dismiss for failure to provide an affidavit of merit on August 8, 1997, which motion was dismissed without prejudice on January 12, 1998.
N.J.S.A. 2A:53A-27 states:
Affidavit required in certain actions against licensed persons.
In any action for damages for personal injuries, wrongful death or property damage resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation, the plaintiff shall, within 60 days following the date of filing of the answer to the complaint by the defendant, provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices.
*625 The New Jersey Supreme Court in Cornblatt v. Barow, 153 N.J. 218, 708 A.2d 401 (1998), held that the affidavit of merit requirement applies "only to those cases the underlying legally significant facts of which happen, arise or take place on or after the effective date of the statute." Id. at 236, 708 A.2d 401. The issue presented here is when did the legally significant facts happen, arise or take place in the instant matter? When the statute of limitations was missed on December 5, 1994? When plaintiffs learned of the problem on February 1, 1995 or when the case was ultimately dismissed on January 10, 1996? This determination is crucial because of the effective date of June 29, 1995 of the Affidavit of Merit statute.
This court holds that the underlying legally significant facts happened, arose or took place on December 5, 1994, which is prior to June 25, 1995, the date the affidavit of merit statute became effective. Thus, no affidavit of merit was required in this case.
Indeed, for an attorney advancing a client's interest, what could be more legally significant than missing a statute of limitations? To consider otherwise is to trivialize the issue. New Jersey law is not tolerant of a failed statute of limitation. Hoppe v. Ranzini, 158 N.J.Super. 158, 385 A.2d 913 (App. Div.1978); Fuschetti v. Bierman, 128 N.J.Super. 290, 319 A.2d 781 (Law Div.1974).
Defendants argue that for statute of limitation purposes the cause of action arose when the complaint was dismissed on January 10, 1996 and, therefore, since this date is subsequent to the effective date of June 25, 1995, for affidavit of merit purposes, such a document was required to have been filed. Defendants rely on the juxtaposition of language in Olds v. Donnelly, 150 N.J. 424, 696 A.2d 633 (1997), where a standard was enunciated for entire controversy doctrine purposes with respect to a case whose merits were uncertain until an actual dismissal was obtained, with the requirement for an affidavit of merit. The dismissal in the initial matter in Olds, however, was subject to judicial discretion so that the attorney's malpractice was embryonic until such dismissal. Admittedly, the Olds opinion correlates the entire controversy doctrine with the statute of limitations and states "Olds's [sic] legal malpractice claim against Donnelly did not accrue for either statute of limitations or entire controversy purposes until the dismissal with prejudice of the medical malpractice action in March 1991." Id. at 439, 696 A.2d 633 The statute of limitations for the plaintiff in Olds, informed by the "discovery rule," could similarly not mature until the dismissal of the primary case. But the Court was not mandating simultaneity for both rules in every situation; the time for statute of limitations purposes may not always be the same for entire controversy purposes. Olds, on its individual facts, found the entire controversy and the statute of limitations would necessitate the same requirement for the dismissal of the underlying action, but only because the facts of Olds require it. If a dismissal is discretionary with the judge so that no harm occurs until the judge renders his or her decision, in an ongoing litigation matter, as happened in Olds, obviously, until the dismissal, there can be no need to join a party or start the countdown to bar a suit. The crucial element has not yet occurred. The matter in litigation is subject to the vagaries of judicial decisions.
In addition, one must ask: would a plaintiff have no cause of action for malpractice for a missed statute of limitations if his or her attorney had never filed an action so that there was no judgment of dismissal, confirming the certainty and providing the damage as in Olds? Assuming this is not the case, because of the significance accorded actions maturing near June 1995, if the statute of limitations tolled on December 4, 1994, for a personal injury matter, and one attorney filed the personal injury claim, albeit late, on December 5, 1994, and one attorney never filed, could one honestly maintain that the underlying legally significant facts of both did not accrue on December 5, 1994, or that the case where the suit was filed and not dismissed until January 10, 1996, requires an affidavit of merit, a procedural impediment, and the case where the suit was not filed at all did not require an affidavit of merit? The contortions of this logic demand the result that the focus be on the absolute plain language of the statute, the underlying legally significant facts, with no legal subtleties, no *626 enhanced standards, and no procedural road blocks.
Defendants relied on the case of Williams v. Bell Telephone Laboratories, Inc., 132 N.J. 109, 623 A.2d 234 (1993), which holds that a defendant may waive a statute of limitation and therefore no cause of action can accrue till such time. Williams is a case that stands for whether the statute of limitations can be waived. It is not relevant to determining when the underlying legally significant facts occurred.
One could also maintain that, although it is clear that the underlying legally significant facts occurred at 12:01 a.m. on December 5, 1994, when the defendants had failed to file the complaint against St. Mary's, plaintiffs were unaware of such lapse until February 1, 1995. Under Grunwald v. Bronkesh, 131 N.J. 483, 621 A.2d 459 (1993), for statute of limitation purposes, a cause of action accrues only when a plaintiff knows or should know of the damages attributable to the attorney's negligence. If one were therefore to opine that on December 4, 1994, plaintiffs were unaware of the legally significant facts, nevertheless, they were aware on February 1, 1995. In either case, an affidavit of merit is not required for the facts in this case.
Having decided the issue in favor of plaintiffs on the application of the affidavit of merit and denying defendants' motion to dismiss, it is unnecessary to reach the other issues as to common knowledge, extraordinary circumstances and waiver.
With respect to the motion for summary judgment on defendants' negligence, Rule 4:46-1 provides that such motion should be granted when, viewing the evidence in light most favorable to the non-movant, no genuine issues of material fact exist and rational factfinders could not find in favor of the non-movant. See Brill v. The Guardian Life Ins. Co. of America, 142 N.J. 520, 666 A.2d 146 (1995).
Fuschetti v. Bierman, 128 N.J.Super., 290, 319 A.2d 781 (Law Div.1974), holds that the failure of an attorney to commence an action within the time statute would ordinarily be considered neglect. Defendants have not demonstrated any justification for not filing on a timely basis; defendants only proffer proof with respect to prior injuries which presumably impacts the claim for damages in the malpractice action. Although there may be some aspects of the attorney-client relationship that are contractual in nature, as has been maintained by counsel to excuse his client's behavior, nevertheless, the primary undertaking by an attorney is one of duty to exercise ordinary skill and knowledge in the rendition of professional services, and no information has been provided in any way to limit the duty of the defendants. Hofing v. CNA Ins. Cos., 247 N.J.Super. 82, 92, 588 A.2d 864 (App.Div.1991).
Therefore, partial summary judgment is granted with respect to defendants' legal malpractice, But because there are still issues to be adjudicated with respect to proximate cause and damages, summary judgment is denied as to those issues.
NOTES
[1] This opinion supersedes an oral opinion rendered from the Bench on May 1, 1998.