Erna M. MARTIN, Individually, Deceased, and Clarence F. Martin, Administrator and Administrator Ad Prosequendum of the Estate of Erna M. Martin and Gertrude Martin, Plaintiffs,

v.

PERINNI CORP, Nugent Corp, Perinni/Nugent Corp, Roma Steel, Central Metals, Thomas Weller, Claridge Hotel and Casino, John Nugent, Jim Simkins, Michael Demling, Michael Demling Associates, Tim Carrol, Tim Carrol Associates, Defendants.

No. CIV.A. 97–6077(SSB).

United States District Court,
D. New Jersey.

Feb. 10, 1999.

Richard W. English, Nelson & Fromer, Ocean, NJ, for Plaintiffs Gertrude Martin and Clarence Martin.

Jonathan Rudnick, Rudnick, Addonizio, Pappa & Comer, Hazlet, NJ, for Plaintiff Erna M. Martin.

Bruce Meller, Peckar & Abramson, River Edge, NJ, for Defendants Perinni Corp, Nugent Corp, Perinni/Nugent Corp, John Nugent, and Jim Simpkins.

Law Offices of Stephen E. Gertler, Wall, NJ, for Defendants Central Metals and Roma Steel.

Stephen D. Schrier, Obermayer, Rebmann, Maxwell & Hippel, LLP, Haddonfield, NJ, for Defendants Thomas Weller and Claridge Hotel and Casino.

Frederick P. Warner, Lawrence A. Borda, Powell, Trachtman, Logan, Carrle, Bowman & Lombardo, P.C., Cherry Hill, NJ, for Defendants Michael Demling, Michael Demling Associates, Tim Carrol, and Tim Carrol Associates.

## OPINION ON MOTION TO DISMISS

BROTMAN, District Judge.

Presently before the Court is the motion of defendants Michael Demling ("Demling") and Michael Demling Associates ("MDA") to dismiss the complaints of plaintiffs Erna Martin and Gertrude Martin ("the plaintiffs") pursuant to Fed. R.Civ.P. 12(b)(6) for failure to comply with the requirements of N.J.S.A. 2A:53A–27 (West Supp.1998).

### I. FACTS AND PROCEDURAL BACKGROUND

This action arises out of an accident which occurred on July 10, 1996 at the Claridge Hotel and Casino in Atlantic City, New Jersey. Plaintiff Erna Martin ("Erna") was driving her motor vehicle in the parking garage of the facility. Her sister, plaintiff Gertrude Martin ("Gertrude"), was a passenger in the car. On the fourth floor of the parking facility, Erna drove into a parking space and through the cable restraining system which had been erected along the perimeter of the garage. The car fell four stories to the ground, causing the death of its occupants.

The parking facility in which the accident occurred was an addition to the garage of the Claridge Hotel and Casino, construction of which had commenced in the spring of 1995. MDA was the project architect. Erna's estate initiated an action against Demling, MDA, and others involved with the construction project on December 1, 1997. Gertrude's estate did the same on January 29, 1998. The two cases were consolidated on May 4, 1998. On January 4, 1999, defendants Demling and MDA filed the present motion to dismiss.

### II. DISCUSSION

#### A. STANDARD FOR DISMISSAL

In considering whether a complaint should be dismissed for failure to state a

claim upon which relief can be granted, the Court must consider only those facts alleged in the complaint and accept all of the allegations as true. *See ALA v. CCAIR, Inc.*, 29 F.3d 855, 859 (3rd Cir.1994). The Court cannot dismiss a plaintiff's complaint for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *see also D.P. Enterprises, Inc. v. Bucks County Community College*, 725 F.2d 943, 944 (3d Cir. 1984). While the rules do not dictate that a claim set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *See Schanzer v. Rutgers Univ.*, 934 F.Supp. 669, 673 (D.N.J.1996).

## B. THE AFFIDAVIT OF MERIT STATUTE [1]

N.J.S.A. 2A:53A–27 requires that a plaintiff who sues a licensed person for negligence committed within his profession provide such a defendant with an affidavit indicating the suit's merit within 60 days from the date the defendant files an answer to the plaintiff's complaint.[2] The purpose of the statute is to require plaintiffs "to make a threshold showing that their claim is meritorious, in order that

meritless lawsuits readily [can] be identified at an early stage of litigation." *In re Hall*, 147 N.J. 379, 391, 688 A.2d 81, 87 (1997).

■ The plaintiffs do not dispute that they failed to file the requisite affidavit within the appropriate time period. Rather, they argue that they are not bound by the Affidavit of Merit statute. First, the plaintiffs argue that the Affidavit of Merit statute does not apply to the counts of their complaints which allege that Demling and MDA committed "intentional actions." Plaintiffs' Opposition Brief at 3. In count eight of Erna's complaint and count nine of Gertrude's complaint, the plaintiffs allege that Demling and MDA "knew of the dangerous condition" in the parking garage and "knowingly, willfully and wantonly permitted the garage to open despite the known danger." Erna's Complaint, Eighth Count, ¶ 2; Gertrude's Complaint, Ninth Count, ¶ 2. They claim that injuries were sustained due to the "intentional conduct" of Demling and MDA. Erna's Complaint, Eighth Count, ¶ 3; Gertrude's Complaint, Ninth Count, ¶ 3. The allegations found in these two counts of the plaintiffs' complaints constitute claims for willful or wanton misconduct, a cause of action under New Jersey law which is separate and distinct from a cause of action for negligence. *See Foldi v. Jeffries*, 93 N.J. 533,

---

**1.** N.J.S.A. 2A:53A–26 to 29 is known as the Affidavit of Merit statute. It went into effect on June 29, 1995.

**2.** N.J.S.A. 2A:53A–27 states as follows:

In any action for damages for personal injuries, wrongful death or property damage resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation, the plaintiff shall, within 60 days following the date of filing of the answer to the complaint by the defendant, provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupa-

tional standards or treatment practices. The court may grant no more than one additional period not to exceed 60 days, to file the affidavit pursuant to this section, upon a finding of good cause. The person executing the affidavit shall be licensed in this or any other state; have particular expertise in the general area or specialty involved in the action, as evidenced by board certification or by devotion of the person's practice substantially to the general area or specialty involved in the action for a period of at least five years. The person shall have no financial interest in the outcome of the case under review, but this prohibition shall not exclude the person from being an expert witness in the case.

549, 461 A.2d 1145, 1153–54 (1983).[3] The Affidavit of Merit statute contains language indicating that it only applies to claims of negligence, not claims of willful or wanton misconduct. Consequently, count eight of Erna's complaint and count nine of Gertrude's complaint are unaffected by the fact that the plaintiffs failed to provide Demling and MDA with the affidavits which the statute requires of plaintiffs pursuing negligence actions.

■ At issue, then, are counts five and seven of Erna's complaint and counts five and eight of Gertrude's complaint, all of which allege that the negligence of Demling and MDA caused the plaintiffs' injuries. The plaintiffs argue that these counts should not be dismissed because the Affidavit of Merit statute only governs alleged acts of negligence committed by licensed persons. The plaintiffs claim that it was the actions of MDA's non-licensed employees, not its licensed employees, which gave rise to the plaintiffs' claims of negligence against Demling and MDA. The Court is unpersuaded by this argument. Pursuant to the doctrine of respondeat superior, a negligent act committed by an employee acting within the scope of his employment is imputed to the employer who then becomes secondarily liable for the act. *See Countryside Oil Co., Inc. v. Travelers Ins. Co.*, 928 F.Supp. 474, 482 (D.N.J.1995). The Affidavit of Merit statute states that an affidavit must be provided in actions "resulting from an alleged act of . . . negligence by a licensed person." N.J.S.A. 2A:53A–27. Because of the doctrine of respondeat superior, an affidavit must also be provided where a negligent act committed by an unlicensed person in the course of his employment may be imputed to a licensed person. Demling has supplied the Court with an affidavit verifying that he is in fact such a licensed person. *See* Reply Letter Brief of Demling and MDA, Exh. A. Whether MDA is licensed person under the statute raises a question of law not previously addressed.

■ It is not clear what makes a corporation which performs architectural services a "licensed person" under the Affidavit of Merit statute.[4] The plaintiffs claim that such a corporation is a "licensed person" only if it has satisfied N.J.S.A. 45:3–18 (West 1991) which states the requirements a corporation must fulfill in order to obtain a certificate of authorization from the New Jersey State Board of Architects to offer architectural services in New Jersey. Not all corporations which offer architectural services need to be Board certified, however. N.J.S.A. 45:3–17 (West Supp.1998) states that architectural services also may be rendered by corporations established pursuant to the Professional Service Corporation Act, N.J.S.A. 14A:17–1 *et seq.* Such corporations are not bound by the requirements found in N.J.S.A. 45:3–18 although their shareholders must be licensed by the New Jersey State Board of Architects. N.J.S.A. 45:3–5 (West 1991). Pursuant to the Professional Service Corporation Act, one or more licensed professionals "may organize and

3. Willful or wanton misconduct has been described as "an advanced degree of negligent misconduct." *Krauth v. Geller*, 31 N.J. 270, 277, 157 A.2d 129, 132 (1960). It is, at the same time, "something less than an intention to hurt." *McLaughlin v. Rova Farms, Inc.*, 56 N.J. 288, 306, 266 A.2d 284, 293 (1970). To prevail in an action for willful or wanton misconduct, a plaintiff must prove the following:

[I]t must appear that the defendant with knowledge or existing conditions, and conscious from such knowledge that injury will likely or probably result from his conduct, and with reckless indifference to the conse-

quences, consciously and intentionally does some wrongful act or omits to discharge some duty which produces the injurious result.

*Id.* at 305, 266 A.2d at 293.

4. N.J.S.A. 2A:53A–26 (West Supp.1998) states as follows:

As used in this act, "licensed person" means any person who is licensed as:

. . .

b. an architect pursuant to R.S. 45:3–1 *et seq.*

. . .

become a shareholder or shareholders of a professional corporation for pecuniary profit under the provisions of the Business Corporation Act of New Jersey (Title 14A, Corporations, General, of the New Jersey Statutes), for the sole and specific purpose of rendering such professional service." N.J.S.A. 14A:17–5 (West Supp.1998).

Demling and MDA offer no evidence to indicate that they are a corporation organized pursuant to the requirements outlined in N.J.S.A. 45:3–18. From this the Court infers that MDA is a corporation organized under the Professional Service Corporation Act. The Court must now resolve whether an architectural corporation organized under this Act is a "licensed person" for purposes of the Affidavit of Merit statute. For guidance the Court looks to precedent involving the Affidavit of Merit statute. Last year, the New Jersey courts decided two cases involving claims against law firms where the law firms alleged that they were not provided with the requisite affidavits of merit. *See Diver v. Gross, Hanlon, Truss & Messer, P.C.,* 317 N.J.Super. 547, 722 A.2d 623 (1998); *Hyman Zamft and Manard, L.L.C. v. Cornell,* 309 N.J.Super. 586, 707 A.2d 1068 (App.Div.1998). In both of these cases, the courts assumed without discussion that the Affidavit of Merit statute applied to the claims against the law firms. From these decisions, the Court infers that a business organization whose leadership is composed of "licensed persons" within the meaning of N.J.S.A. 2A:53A–26 is also considered a "licensed person" for purposes of the Affidavit of Merit statute. The Court therefore rejects the plaintiffs' argument that an architectural corporation is only a "licensed person" within the meaning of N.J.S.A. 2A:53A–26 if it is certified pursuant to N.J.S.A. 45:3–18; an architectural corporation organized under the Professional Service Corporation Act is a "licensed person" as well. Any plaintiff suing either type of architectural corporation must comply with the Affidavit of Merit statute. The plaintiffs' failure to do so here results in the dismissal of their negligence claims against MDA.

This result is consistent with the purpose of the Affidavit of Merit statute. The statute was designed to require plaintiffs to make a threshold showing that their claims have merit. It would thwart this purpose to require plaintiffs who make negligence claims against architectural corporations organized under N.J.S.A. 45:3–18 to file affidavits of merit while excusing plaintiffs who make negligence claims against architectural corporations organized under N.J.S.A. 14A:17–5 from satisfying this requirement.

### III.  *CONCLUSION*

For the reasons stated above, the motion to dismiss filed by defendants Demling and MDA is granted in part and denied in part. The Court will enter an appropriate order.

### ORDER

**THIS MATTER** having come before the Court on the motion of defendants Michael Demling ("Demling") and Michael Demling Associates ("MDA") to dismiss the complaints of plaintiffs Erna Martin and Gertrude Martin ("the Martins") pursuant to Fed.R.Civ.P. 12(b)(6) for failure to comply with the requirements of N.J.S.A. 2A:53A–27 (West Supp.1998); and

The Court having reviewed the submissions of the parties;

For the reasons set forth in the Court's opinion of this date;

**IT IS** on this 10th day of February, 1999 hereby

**ORDERED** that the motion to dismiss by defendants Demling and MDA is **GRANTED** as to the plaintiffs' negligence claims against these defendants including counts five and eight of plaintiff Gertrude Martin's complaint and counts five and seven of plaintiff Erna Martin's complaint;

**IT IS FURTHER ORDERED** that the motion to dismiss by defendants Demling and MDA is **DENIED** as to the plaintiffs' claims of wanton or willful misconduct against these defendants, including count nine of plaintiff Gertrude Martin's complaint and count eight of plaintiff Erna Martin's complaint.