**John W. FINK, Plaintiff,**

v.

**Stephen RITNER, Esquire and Stevens & Lee, P.C., Defendants.**

**Civil Action No. 03–2380.**

United States District Court, D. New Jersey.

May 24, 2004.

Nicolas J. Lisi, Esquire, Padova & Lisi, Voorhees, NJ, for Plaintiff.

Steven J. Fram, Esquire, Archer & Greiner, P.C., Haddonfield, NJ, for Defendants.

## OPINION

RODRIGUEZ, District Judge.

This matter is before the court on Defendants' motion to dismiss Plaintiff's Complaint for his failure to file an affidavit of merit as required by New Jersey's Affidavit of Merit Statute. The Court has considered the submissions of the parties and heard oral argument on the record on Wednesday, May 5, 2004. The Court hereby incorporates the record created during the oral argument on this motion, and further relies on the reasons expressed on the record at that time.

## BACKGROUND

On April 7, 2003, Plaintiff John W. Fink ("Fink") brought this action against Defendants Stephen Ritner, Esquire and the law firm of Stevens & Lee, P.C. ("S & L" or, collectively with Ritner, "Defendants"), alleging fraud with respect to Defendants' handling of a series of financial transactions between Fink and corporate entities represented by S & L.

On or around December 7, 2000, Fink alleges that he was retained as an outside accountant and financial consultant by Advanced Logic Systems, Inc. ("ALSI"), a corporate entity represented by S & L. (Pl. Statement of Facts ¶ 5.) According to Fink, he performed work for ALSI and two of its affiliates, Progressive Development Systems, Inc. ("PDS") and Advanced Financial Solutions Group, Inc. ("AFSG"). (*Id.* ¶ 6.)

In his Complaint, Fink contends that he entered into a series of credit agreements with ALSI, all dated April 12, 2001, that included a loan agreement, line of credit note, and a security agreement (hereinafter "the Loan Agreement"). (*Id.* ¶ 8.) According to Fink, he was told by the CEO and Chairman of ALSI, PDS, and AFSG, Kaydon Stanzione, Ritner, and unnamed "others" at S & L, that he would be granted a first priority lien as to AFSG, a wholly-owned subsidiary of ALSI, and that "these representations were incorporated into the April 12, 2001 loan documents." (*Id.* ¶ 12.) Fink alleges that pursuant to

the Loan Agreement and its amendments,[1] Defendants agreed to file the appropriate UCC financing statements protecting his interests in ALSI, PDS, or AFSG. (*Id.* ¶ 57.)

Fink alleges that in August, 2001 he agreed with Stanzione to increase the amount of the April 12, 2001 loan to $500,000. (*Id.* ¶ 17.) In exchange for this increase, Fink alleges that he was to receive certain consideration, including a second priority lien against ALSI and PDS. (*Id.* ¶ 18.)

According to Fink, contrary to the Loan Agreement and its amendments, Defendants filed UCC financing statements on their own behalf that improperly gave S & L a first priority lien on ALSI and PDS, leaving Fink with a second priority lien on ALSI, and a third priority lien on PDS. (*Id.* ¶ 59.) Fink contends that Defendants fraudulently obtained superior creditor rights in ALSI and PDS in contravention of Defendants' representations. This has become significant because Fink alleges that ALSI, PDS and AFSG have been in default on the Loan Agreement since April 13, 2002. (*Id.* ¶ 32.)

Finally, Fink contends that on August 30, 2002, ALSI and PDS entered into licensing agreements with a company called AFFLINK, Inc. ("AFFLINK"), whereby certain rights of PDS's computer software, assets and collateral were transferred to AFFLINK for a period of twenty years. According to Fink, this transfer was an attempt by Defendants to circumvent his rights as a creditor of PDS.

Based on the above, Fink alleges that Defendants intentionally defrauded him. He seeks monetary damages owed under the Loan Agreement, as amended, with interest, as well as punitive damages for Defendants' intentional and outrageous conduct.

Defendants contend that Fink's Complaint must be dismissed for his failure to comply with New Jersey's Affidavit of Merit statute. Defendants argue that because Fink's claims arise directly out of Defendants' conduct in their capacity as attorneys, Fink was required by the statute to file an affidavit within the statutory time frame. Since Fink failed to comply with the statute's procedural requirements, Defendants argue that his Complaint must be dismissed with prejudice.

## DISCUSSION

Defendants move to dismiss pursuant to New Jersey's Affidavit of Merit Statute, which states:

In any action for damages for personal injuries, wrongful death or property damage resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation, the plaintiff shall, within 60 days following the date of filing of the answer to the complaint by the defendant, provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices. The court may grant no more than one additional period, not to exceed 60 days, to file the affidavit pursuant to this section, upon a finding of good cause. The person executing the affidavit shall be licensed in this or any other state; have particular expertise in the general area or specialty involved in

---

1. The Loan Agreement was amended on December 1, 2001 and February 1, 2002. (Pl. Statement of Facts ¶¶ 21, 24.)

the action, as evidenced by board certification or by devotion of the person's practice substantially to the general area or specialty involved in the action for a period of at least five years. The person shall have no financial interest in the outcome of the case under review, but this prohibition shall not exclude the person from being an expert witness in the case.... If the plaintiff fails to provide an affidavit or a statement in lieu thereof, pursuant to section 2 or 3 of this act, it shall be deemed a failure to state a cause of action.

N.J. Stat. Ann. §§ 2A:53A–27, –29.

■■■ Federal courts sitting in diversity must apply New Jersey's affidavit of merit statute. *See Chamberlain v. Giampapa,* 210 F.3d 154, 157 (3d Cir.2000). A court will consider the New Jersey legislature's purpose for enacting such a statute, as well as how the New Jersey courts have interpreted and applied the statute.

■ The New Jersey Supreme Court's "case law implementing the [affidavit of merit] statute has acknowledged repeatedly that the primary purpose of the statute is 'to require plaintiffs in malpractice cases to make a threshold showing that their claim is meritorious, in order that meritless lawsuits readily could be identified at an early state of litigation.'" *Fink v. Thompson,* 167 N.J. 551, 772 A.2d 386, 391 (2001) (quoting *In re Petition of Hall,* 147 N.J. 379, 688 A.2d 81, 87 (1997)) (other citations omitted). This threshold requirement seeks to balance the interests of reducing frivolous lawsuits and the "imperative of permitting injured plaintiffs the opportunity to pursue recovery from culpable defendants." *Id.* (citing *Burns v. Belafsky,* 166 N.J. 466, 766 A.2d 1095, 1099 (2001)). Failure to comply with the statute, either strictly or substantially, will result in dismissal with prejudice, *Cornblatt v. Barow,* 153 N.J. 218, 708 A.2d 401,

415 (1998), unless an exception applies, *see* N.J. Stat. Ann. § 2A:53A–28.

The statute weeds out frivolous claims by requiring a plaintiff to obtain an affidavit of merit in an action against a licensed person. The statute defines a "licensed person" as a licensed accountant, architect, attorney, dentist, engineer, physician, podiatrist, chiropractor, registered professional nurse, health care facility, physical therapist, land surveyor, registered pharmacist, veterinarian, and insurance producer. N.J. Stat. Ann. § 2A:53A–26. Although law firms are not specifically enumerated in the definition of a "licensed person," New Jersey courts have applied the affidavit of merit statute to law firms. *See Diver v. Gross, Hanlon, Truss & Messer, P.C.,* 317 N.J.Super. 547, 722 A.2d 623 (1998); *Hyman Zamft and Manard, L.L.C. v. Cornell,* 309 N.J.Super. 586, 707 A.2d 1068 (1998). Based on these decisions, it has been inferred that "a business organization whose leadership is composed of 'licensed persons' within the meaning of [section] 2A:53A–26 is also considered a 'licensed person' for purposes of the Affidavit of Merit statute." *Martin v. Perinni Corp.,* 37 F.Supp.2d 362, 366 (D.N.J.1999) (holding that architectural corporation was considered a "licensed person" within the meaning of section 2A:53A–26).

When determining whether the statute applies to a claim against a licensed person, a court must evaluate:

(1) whether the action is for "damages for personal injuries, wrongful death or property damage" (nature of injury); (2) whether the action is for "malpractice or negligence" (cause of action); and (3) whether the "care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint fell outside acceptable professional or occupational standards

or treatment practices" (standard of care).

*Couri v. Gardner*, 173 N.J. 328, 801 A.2d 1134, 1137–38 (2002) (citing N.J. Stat. Ann. § 2A:53A–27).

Prior to the New Jersey Supreme Court's decision in *Couri*, there was a split in the appellate division concerning whether the statute should ever apply to a breach of contract claim. *See Darwin v. Gooberman*, 339 N.J.Super. 467, 772 A.2d 399 (2001) (finding that the affidavit of merit statute "plainly does not apply to breach-of-contract cases"); *Charles A. Manganaro Consulting Eng'rs v. Carneys Point Township Sewerage Auth.*, 344 N.J.Super. 343, 781 A.2d 1116, 1118–19 (2001) (holding that the statute applied to a counterclaim for breach of contract wherein defendant alleged that plaintiff engineering firm "failed to properly prepare the plans and specifications" and "failed to properly review shop drawings submitted by the general contractor").

*Couri* involved a breach of contract claim against a psychiatrist hired as a potential expert witness in a divorce proceeding. *Couri*, 801 A.2d at 1136. The plaintiff husband alleged that the defendant improperly disseminated the preliminary report to the plaintiff's wife without his consent. *Id.* The defendant moved to dismiss the complaint based on the plaintiff's failure to file an affidavit of merit. *Id.* The plaintiff contended that an affidavit was not required because his claim was for breach of contract and not negligence. *Id.*

Addressing this divisive issue, the *Couri* court looked to the plain language and the overarching purpose of the statute. *Id.* at 1140. Given the New Jersey Legislature's intent to "weed out frivolous lawsuits early in the litigation while, at the same time, ensuring that plaintiffs with meritorious claims will have their day in court," the court declined to adopt a literal interpretation of the statutory language. *Id.* at 1140–41. Rather, in view of the statute's requirement that the affidavit state that the defendant's "care, skill or knowledge ... fell outside acceptable professional or occupational standards or treatment practices," and the fact that "standard of care" is the third element of the statute, the court held, "[i]t is not the label placed on the action that is pivotal but the nature of the legal inquiry." *Id.* at 1141. Accordingly,

> when asserting a claim against a professional covered by the statute, whether in contract or in tort, a claimant should determine if the underlying factual allegations of the claim require proof of a deviation from the professional standard of care for that specific profession. If such proof is required, an affidavit of merit shall be mandatory for that claim, unless either the statutory, [section] 2A:53A–28, or common knowledge exception applies.

*Id.*

■ Thus, the determination of whether a claim falls under the affidavit of merit statute requires an examination of the type of evidence required to prove the underlying factual allegations. Not every complaint against a licensed person acting in his professional capacity is subject to the statute. Only claims that require proof of a deviation from a professional standard of care will require an affidavit of merit unless an exception applies.

Here, Defendants contend that the statute applies to Fink's fraud claim because the alleged harm arises out of Defendants' conduct as attorneys and, therefore, requires proof of a deviation from the standard of care. Accordingly, Defendants argue that an affidavit is necessary to establish that Fink's claim is not meritless.

Based on the New Jersey Supreme Court's decision in *Couri*, the determination of whether Fink's fraud claim requires an affidavit of merit turns on the type of proof Fink intends to rely upon at trial. If Fink's claim is simply that Defendants committed fraud, then an affidavit is not required. An affidavit is required, however, if Fink intends to establish that Defendants deviated from a standard of care acceptable for attorneys.

On May 5, 2004, the Court heard oral argument on this issue. Plaintiff's counsel asserted that Fink does not intend to rely on expert testimony to substantiate his fraud claim against Defendants. Consequently, because Fink's claims do not require proof that Defendants deviated from the professional standard of care for attorneys, the statute does not apply.

### CONCLUSION

Fink was not required to file an affidavit of merit pursuant to New Jersey's affidavit of merit statute because the statute is not applicable in cases where the underlying factual allegations do not require proof of a deviation from the professional standard of care. Accordingly, Defendants' motion to dismiss Fink's Complaint for his failure to file an affidavit of merit must be denied.

An appropriate order will be entered.

### ORDER

For the reasons set forth in the Court's Opinion filed even date,

IT IS HEREBY ORDERED on this 24th day of May, 2004 that Defendants' motion to dismiss [7] is *DENIED*.